1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BULLIS, Alana K.,

              Plaintiff,

     v.

NICHOLS, DAVID, individually and as a
marital community,

              Defendant.

Case No.  C05-5081RJB

ORDER ON MOTIONS FOR
SUMMARY JUDGMENT

       This matter comes before the court on defendant's Motion to Dismiss Pursuant to FRCP

12(b)(6) and for Terms, which was converted by the court to a motion for summary judgment (Dkt.

26), Plaintiff's Motion for Partial Summary Judgment as to Defendant's Liability Under FRCP 56(a)

(Dkt. 25), and Plaintiff's Motion to Enlarge Time to Join Parties and to Enlarge Time to File Motions

Related to Discovery (Dkt. 24).  The court has considered the pleadings filed in support of and in

opposition to the motions and the file herein.

PROCEDURAL AND FACTUAL BACKGROUND

       On January 31, 2005, plaintiff filed a complaint against defendant, alleging claims under 42

U.S.C. § 1983.  Dkt. 1.  The complaint alleges in relevant part as follows:

     3. Plaintiff is a former council member and resigned after three months of taking the oath of
     office.

ORDER
Page - 1

1

2

4. During the 2003 election, with the exception of the Plaintiff, all elected public officials ran for office as a single platform and are social friends.  All council member positions were unopposed.  Two current elected public officials were members of the previous administration.

3

4

5. Defendant served as the Campaign Coordinator for the platform and financed portions of its campaign costs.

5

6

6. While Plaintiff was a candidate for office, Defendant began to correspond with the Plaintiff by e-mail.  Defendant's e-mails grew increasingly harassing and threatening because Plaintiff was publicly critical of the incoming administration and a series of investigations involving the wrongdoing of City officials.

7

8

7. On November 11, 2003, Plaintiff received a threatening e-mail from the Defendant.  Out of fear for her and her son's personal safety, Plaintiff contacted the DuPont Police and filed a police report against the Defendant.

9

10

8. During and after the 2003 election, Defendant willingly acted in concert with the current elected public officials in a campaign to harass and to intimidate Plaintiff in retaliation for Plaintiff's protected expression relative to Plaintiff's criticism of the incoming administration.  Such harassment and intimidation facilitated Plaintiff's resignation from the council.

11

12

9. Plaintiff seeks as relief actual damages, punitive damages exceeding $250,000, and reasonable attorney's fees.

13

Dkt. 1, at 2-3.

14

On August 5, 2005, defendant filed a Motion to Dismiss Pursuant to FRCP 12(b)(6) and for

15

Terms (Dkt. 22) that the court converted to a motion for summary judgment (Dkt. 26).  On August

16

18, 2005, plaintiff filed Plaintiff's Motion for Partial Summary Judgment under FRCP 56(a) as to

17

Defendant's Liability.  Dkt. 25.  On August 12, 2005, plaintiff filed Plaintiff's Motion to Enlarge Time

18

to Join Parties and to Enlarge Time to File Motions Related to Discovery.  Dkt. 24.

19

On September 7, 2005, plaintiff filed a document captioned "Plaintiff's Amended Reply and/or

20

Opposition to Defendant's Amended Response to Plaintiff's Motion for Partial Summary Judgment as

21

to Defendant's Liability under FRCP 56(a) and Motion to Strike."  Dkt. 29.  This document is a

22

hyper-technical and unreasonable interpretation of the procedural rules (*see* Fed.R.Civ.P. 1), and does

23

not address the merits of the pending motions.

24

DISCUSSION

25

**1.      Motions for Summary Judgment**

26

As a preliminary matter, defendant has moved to strike the brief and exhibits in plaintiff's

27

motion for partial summary judgment because the pleadings are unsworn and do not constitute

28

testimony.  Dkt. 27, at 1-3.  *See* Fed.R.Civ.P. 56(e).  The court notes the deficiencies in plaintiff's

1    pleadings.  However, in the interest of fairness and efficiency, the court will consider the pleadings and

2    factual assertions submitted by plaintiff in ruling on the motions for summary judgment, assuming they

3    could be properly verified by plaintiff.  *See* Fed.R.Civ.P. 1.

4            A.  *Defendant's Motion to Dismiss Pursuant to FRCP 12(b)(6) and for Terms.*

5    Defendant filed a motion to dismiss that was converted by the court under Fed.R.Civ.P. 12(c) to a

6    motion for summary judgment.  Defendant contends that this case should be dismissed because (1)

7    plaintiff has asserted no violation of any federal constitutional law or federal or statutory regulatory

8    law; (2) the factual allegations in the complaint, at best, allege a state law claim for harassment, and

9    are insufficient to state a federal constitutional claim; (3) plaintiff does not provide any basis to

10   establish harassment under RCW 10.14.020; (4) plaintiff has not stated any facts to support her

11   conclusory claim that defendant threatened her; (5) in alleging that defendant acted in concert with

12   public officials to facilitate her resignation from the city council, plaintiff contradicts her claim in *Bullis*

13   *v. Young*, C04-5340FDB, that she resigned because of censorship by the city counsel when she sought

14   to question a private agreement between Mr. Young and Mr. McDonald, two city officials; (6)

15   plaintiff has not shown that defendant, a private individual, engaged in sufficient joint operation with

16   public officials to establish that defendant was acting under color of state law: (7) plaintiff has not set

17   forth factual allegations sufficient to state a claim for conspiracy between defendant and public officials

18   sufficient to establish that defendant was acting under color of state law; and (8) plaintiff has not

19   stated a federal constitutional claim under the First Amendment because the conduct alleged by

20   plaintiff occurred in the give and take of the political arena, where all individuals have the right of free

21   expression.  Dkt. 22.  Defendant also requests terms under FRCP 11 for filing this frivolous action.

22   *Id.*, at 16-17.

23           Plaintiff opposes the motion to dismiss, arguing that (1) the complaint is a short and plain

24   statement of the claim showing that she is entitled to relief, which is sufficient to state a claim under

25   Fed.R.Civ.P. 8(a); (2) the state action requirement was met, apparently because defendant was a joint

26   participant in the alleged wrongs and/or the public officials, the state knowingly accepted benefit

27   derived from the private party's unconstitutional behavior, and/or the coercive influence or significant

28   encouragement of the state effectively converted a private action into a government action; (3) speech

ORDER
Page - 3

1    that concerns issues about which information is needed or appropriate to enable the members of

2    society to make informed decisions about the operation of their government merits the highest degree

3    of First Amendment protection; and (4) defendant harassed and intimidated her in retaliation for her

4    protected expression in criticizing public policies of her city government. Dkt. 23. Plaintiff argues

5    that these allegations are sufficient to state a federal constitutional claim under 42 U.S.C. § 1983. *Id.*

6    As discussed below, plaintiff's allegations do not state a federal constitutional claim.

7        B. *Plaintiff's Motion for Partial Summary Judgment as to Defendant's Liability*

8    *Under FRCP 56(a).* Plaintiff filed a motion for partial summary judgment on defendant's liability.

9    Dkt. 25. Plaintiff alleges she has stated a claim for harassment and defamation; that the reason for the

10   harassment, humiliation, and defamation was her political speech; that the acts of harassment,

11   humiliation and defamation were conducted jointly and with the significant encouragement of a

12   DuPont city official(s), and were intended to chill plaintiff's political expression, in violation of the

13   First Amendment. Dkt. 20.

14       Plaintiff was a former DuPont City Council member. Plaintiff publicly listed her e-mail

15   address, and she and defendant corresponded by e-mail and communicated by telephone. Plaintiff

16   claims that defendant invited her to his house, which turned out to be a political fundraiser for a

17   particular candidate, and that defendant told her to limit her conversations to political issues if she did

18   not support his candidate. Plaintiff stated that she was offended by this comment. Plaintiff stated that

19   defendant represented himself to her as active in local, state, and national politics, and that he would

20   be willing to support her if she desired in the future to run for office in another position. Plaintiff also

21   contends that defendant suggested that he could use plaintiff's services as an attorney for his business.

22   Plaintiff further stated that, on October 13, 2003, defendant asked her if, as a member of the Bar, she

23   was bound by ethical duties. She believed that "Defendant would use Plaintiff's bar membership as a

24   tool to control her in some manner; that if he believed that she was not acting 'ethically,' he would

25   initiate complaints with the bar against the Plaintiff". Dkt. 25, at 5. Plaintiff contends that she wrote a

26   letter to the editor of the newspaper regarding the arrest of DuPont's former fire chief, that defendant

27   contacted her regarding the letter and "asserted that as an incoming councilmember, it was

28   inappropriate for her to make public comments on this issue", and that at this point, defendant's

ORDER
Page - 4

1   communications became harassing in nature.  Dkt. 25, at 6-7.  On 11/9/03, defendant e-mailed

2   plaintiff, several days after she had had a conversation with the mayor-elect, who had suggested that

3   she needed mentoring, and the e-mail told plaintiff that "I think it is time to step up to the plate and

4   admit that you could use some mentoring in the political arena", and that he believed she had some

5   fences to mend with her outspoken behavior.  Dkt. 25, Exh. 16.  Plaintiff believed that Mr. Young was

6   using defendant as a means to harass her into conforming to Mr. Young's "camp's standards in terms

7   of Plaintiff's political speech and to retaliate against her for expressing her viewpoint in the News

8   Tribune."  Dkt. 25, at 8.  Defendant sent plaintiff an e-mail on 11/11/03, in which he told her that she

9   did not understand acceptable and unacceptable behavior as an incoming councilmember; that she

10   seemed to enjoy using e-mail as a tool to discredit or marginalize citizens within the community; that

11   she should refrain from belittling citizens or remove herself from public office; that she is too thin

12   skinned, politically immature, and had done more damage than good; and that her perception of what

13   is appropriate is not the consensus of the majority of the citizens of DuPont.    Dkt. 25, Exh. 18.  The

14   e-mail also stated as follows:

15   
16
>       If you were insulted before, then I am outraged for the second time about your behavior.  And
>       I am prepared to confront you on it.  It is wrong, unexceptable [sic] and no one will ever trust
>       you using this type of behavior.

17   *Id.*  Plaintiff stated that she perceived this e-mail as threatening, feared for her safety and that of her

18   son, and filed a complaint against defendant with the DuPont Police Department. Plaintiff stated that

19   she resolved that she would not publically express her viewpoint about the former fire chief incident

20   because she did not want to experience another round of retaliation from defendant and the mayor.

21   Plaintiff resigned her position on the City Council on February 24, 2004, after a heated public

22   discussion at a City Council meeting.

23          In his response to plaintiff's motion for partial summary judgment, defendant admits that he

24   sent e-mails to plaintiff but he does not believe those e-mails were threatening or harassing.  Dkt. 27,

25   Exh. 2.  Defendant denies acting in concert with City officials to address plaintiff regarding her letter

26   to the newspaper or regarding his suggestion to plaintiff that she could use mentoring.  *Id.* Defendant

27   denies using harassing language in a phone call that plaintiff's son received when plaintiff was not at

28   home.  *Id.*

1

### 2.    Legal Standard

2      Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and

3  admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

4  material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c). The

5  moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a

6  sufficient showing on an essential element of a claim in the case on which the nonmoving party has the

7  burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue of

8  fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the

9  non moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

10 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some

11 metaphysical doubt.").  *See also* Fed.R.Civ.P. 56(e).  Conversely, a genuine dispute over a material

12 fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

13 jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253

14 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th

15 Cir. 1987).

16     The determination of the existence of a material fact is often a close question.  The court must

17 consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a

18 preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, *T.W. Elect. Service

19 Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor of the

20 nonmoving party only when the facts specifically attested by that party contradict facts specifically

21 attested by the moving party.  The nonmoving party may not merely state that it will discredit the

22 moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the

23 claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*.  Conclusory, non

24 specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan

25 v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

26     ### 3.    Discussion

27     In her complaint, plaintiff has asserted a cause of action under 42 U.S.C. § 1983.  Dkt. 1, at 1.

28 In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

complained of was committed by a person acting under color of state law, and that (2) the conduct

deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United

States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*,

474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both

of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*,

478 U.S. 1020 (1986).

The first issue before the court is whether defendant deprived plaintiff of a right, privilege, or

immunity secured by the Constitution or laws of the United States.  A liberal reading of the complaint

shows that plaintiff believes that defendant acted in concert with government officials to retaliate

against her for the letter to the editor she had submitted regarding the city's former fire chief, and that,

after being subjected to harassment and intimidation by defendant, she refused to make any public

expressions related to the fire chief incident.  Plaintiff alleges that defendant violated her right to

Freedom of Expression.

The retaliation alleged by plaintiff consists of communication, particularly by e-mail.  Citizens

have a strong First Amendment interest in speaking about public interest issues to those who govern

their city. *White v. City of Norwalk*, 900 F.2d 1421, 1425 (9th Cir.1990).  *See also  New York Times v.*

*Sullivan*, 376 U.S. 254, 269-70 (1964); *McKinley v. City of Eloy*, 705 F.2d 1110, 1113 (9th Cir.1983)

(protected interest in criticizing public officials regarding matters of public concern).  Plaintiff stated

that she publicly listed her e-mail address, and corresponded with defendant.  In fact, plaintiff

encouraged defendant to express his concerns to her.  See Dkt. 25, Exh. 8, 9, 10, 11, 12, and 17.

Plaintiff has cited no support for a claim that a *citizen* who is critical of a public official's political

positions, affiliations, judgment, and behavior may be sued by the public official for violating the public

official's First Amendment rights to freedom of expression.

The cases plaintiff cites are not on point and are not relevant to the claims or facts alleged in

this case. *See Gibson v. United States*, 781 F.2d 1334 (9th Cir.1986)(Allegation that police

helicopters frequently flew low over plaintiff's house in order to inhibit the plaintiff's nonviolent but

confrontational political activities stated a claim under Section 1983);  *Sloman v. Tadlock*, 21 F.3d

1462 (9th Cir. 1994)(Sufficient evidence was produced regarding whether officer used his official

ORDER
Page - 7

1   powers, specifically his power to warn, cite, and arrest, to retaliate against plaintiff's exercise of his

2   free speech rights in supporting ballot measure); *Karam v. City of Burbank*, 352 F.3d 1188 (9th Cir.

3   2003)(Activist who brought civil rights claims against city, city officials, prosecutors, and police

4   officers after misdemeanor charges against her of trespassing and delaying police officer were

5   dismissed failed to satisfy burden of demonstrating causal connection between her prosecution and her

6   exercise of her First Amendment rights); *Butler v. Elle*, 281 F.3d 1014 (9th Cir. 2002)(City police chief

7   and officers could not be held liable under § 1983 for violating businessman's rights to be free of illegal

8   searches and seizures, under Fourth Amendment and Idaho Constitution, where chief and officers

9   assisted in search of businessman's property by establishing perimeter around premises, at state police

10  department's request, but no facts suggested that they were involved in investigation leading to search,

11  physically participated in search, or were involved in decision to bring charges against businessman);

12  *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886 (1982)(Boycott activity which was not itself

13  violent was constitutionally protected but the Constitution does not protect expressive conduct

14  characterized by violence); *Allen v. Scribner*, 812 F.2d 426 (9th Cir. 1997)(Genuine issue of material

15  fact as to whether Mediterranean Fruit Fly Eradication Project employee would have been transferred

16  notwithstanding his First Amendment expression precluded summary judgment).

17          Plaintiff has not stated a federal constitutional claim that defendant violated her First

18  Amendment rights to Freedom of Expression.  Perhaps, arguably, plaintiff may be able to pursue a

19  claim for harassment under state law (*see* RCW 10.14.020(1)), but defendant's conduct clearly does

20  not rise to the level of a constitutional violation.

21          In addition, plaintiff has not shown that defendant acted under color of state law.  Defendant

22  may have been personally and professionally acquainted with city officials.  City officials may well

23  have agreed with defendant on issues involving the City; defendant and City officials may have taken

24  positions contrary to those of plaintiff.  Defendant may have supported certain city officials in their

25  political campaigns.  These actions do not convert defendant into a state actor for purposes of an

26  action under 42 U.S.C. § 1983.

27          The cases plaintiff has cited in support of her claim that defendant's actions constituted state

28  action are not on point, are factually distinguishable, and do not support plaintiff's arguments.  *See*

ORDER
Page - 8

1   *George v. Pacific*, 91 F.3d 1227 (9th Cir. 1986), *cert. den.* 519 U.S. 108 (1997)(no state action when

2   former employee of private correctional facility alleged that he had been terminated after he spoke out

3   about safety and security issues); *Kirtley v. Rainey*, 326 F.3d 1088 (9th Cir. 2002)(no state action in

4   case brought by grandmother against attorney who had represented her in state custody action, child's

5   counselor, child's guardian *ad litem*, child's mother, and mother's attorney); *McDade v. West*, 223

6   F.3d 113 (9th Cir. 2002)(state action by county employee who accessed confidential information

7   through government-owned computer data base to locate husband's ex wife at a battered women's

8   shelter); *Coszalter v. City of Salem*, 320 F.3d 968 (9th Cir. 2003)(summary judgment reversed in case

9   in which current and former city employees sued city and city officials under § 1983, alleging that

10  defendants violated their First Amendment rights by retaliating against them for publicly disclosing

11  health and safety hazards); *Sullivan v. N.J. Div. Of Gaming*, 602 F.Supp. 1216 (1985)(claim that

12  gaming officials caused plaintiff to be deprived of contracts with Donald Trump dismissed after court

13  found that any harm resulted from independent decision of Trump to repudiate contractual obligations,

14  not actions of state officers).

15         This complaint does not state a federal constitutional claim under 42 U.S.C. § 1983.  The

16  action is frivolous and without merit.  Defendant's motion to dismiss/motion for summary judgment

17  should be granted, and plaintiff's motion for summary judgment should be denied.

18         **4.        Plaintiff's Motion to Enlarge Time to Join Parties and to Enlarge Time to File**

19                **Motions Related to Discovery**

20         Plaintiff has filed a motion, requesting that the court enlarge time for her to join additional

21  parties and to file motions related to discovery.  Dkt. 24.  The allegations in the complaint, viewed in

22  the light most favorable to plaintiff, do not state a constitutional claim.

23         Before the court dismisses a *pro se* complaint, the court must afford the plaintiff an

24  opportunity to file an amended complaint unless amendment would be futile or where the amended

25  complaint would be subject to dismissal.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987); *Lopez

26  v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Reddy v. Litton Indus.*, Inc., 912 F.2d 291, 296 (9th

27  Cir.1990); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989).  In this case,

28  plaintiff has not stated a constitutional claim.  Permitting her to name additional parties and to pursue

1  additional discovery, apparently related to other individuals, public or private, who may have

2  communicated among themselves about plaintiff, would be fruitless.  Any attempt to amend the

3  complaint in this case would be futile; plaintiff should not be afforded the opportunity to file an

4  amended complaint.  The motion should be denied.

5  **5.    Defendant's Request for Sanctions**

6  Defendant has requested that the court impose sanctions against plaintiff under Fed.R.Civ.P.

7  11 for filing a case that does not state a federal constitutional claim.

8  Fed.R.Civ.P. 11 provides for the imposition of sanctions when a filing is frivolous, legally

9  unreasonable, or without factual foundation, or is brought for an improper purpose. *Warren v.*

10  *Guelker*, 29 F.3d 1386, 1388 (9th Cir.1994).   Fed.R.Civ.P. 11 provides as follows:

11  **Rule 11. Signing of Pleadings, Motions, and Other Papers; Representations to Court; Sanctions**

12

13  **(a) Signature.** Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone

14  number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. An unsigned paper shall be stricken unless

15  omission of the signature is corrected promptly after being called to the attention of the attorney or party.

16

17  **(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and

18  belief, formed after an inquiry reasonable under the circumstances,--

19  (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

20  (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or   reversal of existing law or the establishment of new law;

21  (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable

22  opportunity for further investigation or discovery; and

23  (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

24  **(c) Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below,

25  impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

26  **(1) How Initiated.**

27  **(A) By Motion.** A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate

28  subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or

ORDER
Page - 10

1

2

3

4

presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

5

6

7

    **(B) On Court's Initiative.** On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

8

9

10

**(2) Nature of Sanction; Limitations.** A sanction imposed for violation of this   rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

11

        **(A)** Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).

12

13

        **(B)** Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

14

15

**(3) Order.** When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

16

17

**(d) Inapplicability to Discovery.** Subdivisions (a) through (c) of this rule do not apply to disclosures and discovery requests, responses, objections, and motions that are subject to the provisions of Rules 26 through 37.

18

19

20

21

In this case, defendant did not comply with Fed.R.Civ.P. 11(c)(1)(A) because the request was not filed separately from another motion and defendant has not shown that she complied with the safe-harbor provisions of Section (c)(1)(A) by allowing plaintiff to timely withdraw or dismiss the claims herein.  The court should deny defendant's motion for sanctions under Fed.R.Civ.P. 11.

22

23

24

25

26

27

28

In her opposition to defendant's motion to dismiss/motion for summary judgment, plaintiff requested that the court impose terms on defendant for failure to comply with the procedure for filing a motion under Rule 11.  Dkt. 23, at 6-7. The court did not reach the merits of defendant's request for sanctions under Rule 11 because the request did not comply with Rule 11 procedures.  Failure of defendant to comply with the procedural rules did not prejudice plaintiff, particularly since the court has found that this case is frivolous and without merit, and sanctions against plaintiff may well have been warranted.  The court should deny plaintiff's request for sanctions under Fed.R.Civ.P. 11.

ORDER
Page - 11

1    Therefore, it is hereby

2         **ORDERED** that defendant's Motion to Dismiss Pursuant to FRCP 12(b)(6) and for Terms,

3    which was converted by the court to a motion for summary judgment (Dkt. 26) is **GRANTED**.

4    Plaintiff's Motion for Partial Summary Judgment as to Defendant's Liability Under FRCP 56(a) (Dkt.

5    25) is **DENIED**.  Plaintiff's Motion to Enlarge Time to Join Parties and to Enlarge Time to File

6    Motions Related to Discovery (Dkt. 24) is **DENIED**.  Defendant's request for sanctions under

7    Fed.R.Civ.P. 11 (Dkt. 26) is **DENIED.**  Plaintiff's request for terms against defendant (Dkt. 23) is

8    **DENIED**. This case is **DISMISSED**.

9         The Clerk is directed to send uncertified copies of this Order to all counsel of record and to

10   any party appearing *pro se* at said party's last known address.

11        DATED this 19th day of September, 2005.

12

13   _____
        Robert J. Bryan
14      United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
Page - 12