UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALANA K. BULLIS., <br><br> Plaintiff, <br><br> v. <br><br> DAVID NICHOLS, individually and as a marital community, <br><br> Defendant. | Case No. C05-5081RJB <br><br> ORDER GRANTING MOTION FOR ATTORNEY'S FEES |

This matter comes before the court on Defendant's Request for Attorney's Fees and Costs Pursuant to 42 U.S.C. § 1988 (Dkt. 36). The court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Alana K. Bullis is an attorney and served on the DuPont City Council from the Fall of 2003 to February of 2004. She corresponded by e-mail and communicated by telephone with David C. Nichols, a private citizen. On January 31, 2005, Ms. Bullis brought suit against Mr. Nichols for comments he made at a political fundraiser and in e-mails to her, contending that they constituted harassment and retaliation for exercising her Freedom of Expression under 42 U.S.C. § 1983.

ORDER - 1

On August 5, 2005, Mr. Nichols filed a Motion to Dismiss Pursuant to FRCP 12(b)(6) and for Terms (Dkt. 22). The court converted this motion to a motion for summary judgment (Dkt. 26). On August 18, 2005, the plaintiff filed Plaintiff's Motion for Partial Summary Judgment under FRCP 56(a) as to Defendant's Liability. Dkt. 25. On September 19, 2005, the court granted the defendant's motion because Ms. Bullis failed to demonstrate that the defendant, a private citizen, had violated her freedom of speech or had acted under color of state law. Dkt. 30.

The defendant brings this motion for attorneys fees in the amount of $9,228.10 and costs in the amount of $96.94.

## II. DISCUSSION

### A. AWARD OF ATTORNEYS FEES UNDER 42 U.S.C. § 1988

As a threshold matter, Ms. Bullis contests the timeliness of this motion for attorney's fees. Ms. Bullis contends that the motion must be noted in accordance with Local Rule CR 7(d)(3), while Mr. Nichols contends that the motion must be noted in accordance with Local Rule CR 7(d)(2).

Mr. Nichols noted his motion in accordance with Local Rules CR 7(d)(2) and 54(d)(1), apparently believing that his motion for fees constitutes a motion for costs. Local Rule CR 54 provides that "[t]he party in whose favor a judgment is rendered, and who seeks to recover costs, shall, within twenty days after the entry of judgment, file and serve a motion for costs and necessary disbursements. The motion for costs shall be noted for consideration pursuant to CR 7(d)(2)." Local Rule CR 54(d)(1). Local Rule 7(d)(2) requires that motions be noted for consideration no earlier than seven judicial days after filing. Unlike the Federal Rules, Local Rule CR 54(d) does not distinguish between costs and "costs other than attorney's fees." Fed. R. Civ. P. 54(d)(2). Moreover, 42 U.S.C. § 1988, pursuant to which the defendant moves for attorney's fees, provides for the recovery of "attorney's fee[s] as part of the costs." 42 U.S.C. 1988(b). The motion is therefore one for costs and was properly noted in accordance with Local Rule 7 CR (d)(2).

42 U.S.C. § 1988 provides, "In any action or proceeding to enforce a provision of

ORDER - 2

1  section[] . . . 1983, . . . the court, in its discretion, may allow the prevailing party, other than the
2  United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. 1988(b). Merely
3  because a party prevails does not entitle the party to attorney's fees, however. *Patton v. County of*
4  *Kings,* 857 F.2d 1379, 1381 (9th Cir. 1988). In order to award fees to a prevailing civil rights
5  defendant, the district court must determine that the plaintiff's claims are "unreasonable, frivolous,
6  meritless, or vexatious." *Id.* citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421,
7  (1978). The court must determine first whether the defendant is a prevailing party for purposes of
8  § 1988 and then whether the plaintiff's claims were sufficiently meritless.
9       First, the defendant is a prevailing party for purposes of § 1988. Mr. Nichols contends that
10  he is a prevailing party because the plaintiff's claims were dismissed on the merits. Dkt. 36 at 7.
11  The plaintiff's response does not contest this contention. Mr. Nichols is a prevailing party for
12  purposes of § 1988 because he prevailed on the merits of his case. *Branson v. Nott*, 62 F.3d 287,
13  293 (9th Cir. 1995) ("[A]ttorney's fees are only available under that provision to a party who has
14  'prevailed' on the merits.").
15       Second, the plaintiff's claims were sufficiently unreasonable, frivolous, meritless, and
16  vexatious to justify awarding fees to the defendant. Ms. Bullis argues that the same standards
17  apply for imposing Rule 11 sanctions as for awarding fees and that the motion must be denied
18  because the motion for sanctions was denied. Dkt. 39 at 3. She cites two cases from other
19  jurisdictions in support of this contention. *Bass v. Southwestern Bell Telephone, Inc.*, 817 F.2d 44
20  (8th Cir. 1987); *O'Neal v. DeKalb County*, 850 F.2d 653, 658 (11th Cir. 1988). Those cases
21  involved requests made under both Rule 11 and § 1988, but neither case explicitly supports the
22  plaintiff's argument. Moreover, the denial of the motion for sanctions in this case was not based
23  on the merits of the motion, and the court indicated that the motion may have been granted if it
24  had been properly filed. Dkt. 30 ("[T]he court has found that this case is frivolous and without
25  merit, and sanctions against plaintiff may well have been warranted.").
26
27
28  ORDER - 3

1         To determine whether the plaintiff's claims are sufficiently meritless to justify a fee award to the defendant, the court considers whether claims are frivolous and lack foundation, regardless of the plaintiff's subjective good faith in bringing such claims. *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) ("frivolous, unreasonable or without foundation, even though not brought in subjective bad faith"). Examples of such claims are those for which reasonable inquiry was not made and which are insufficient as a matter of law, *Margolis v. Ryan,* 140 F.3d 850, 854 (9th Cir. 1998), those invoking causes of action that do not provide liability against the defendants, *Morse v. North Coast Opportunities, Inc.,* 118 F.3d 1338, 1343 (9th Cir. 1997), those seeking money damages from immune defendants, *Franceschi v. Schwartz*, 57 F.3d 828, 832 (9th Cir. 1995), and those with "no evidence" supporting them, *Evers v. County of Custer*, 745 F.2d 1196, 1199 (9th Cir. 1984). Furthermore, a prevailing party is entitled to fees arising from a motion for fees. *See Margolis*, 140 F.3d at 855.

        The plaintiff acknowledges that this court previously found her claims to be frivolous and without merit but contends that she made a reasonable inquiry. To support her claims, the plaintiff was required to demonstrate that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).

        The plaintiff's response brief contends that the question of what the relationship between Mr. Nichols and Mayor Young was and whether such relationship is sufficient to constitute acting under the color of law for purposes of Section 1983 is a question for a jury to determine. The plaintiff failed to present any case law supporting the notion that supporting and being acquainted with a public official (Mayor Young) renders a private citizen's (Mr. Nichols) actions "under color of law" for purposes of Section 1983. Dkt. 30.

        The plaintiff's response brief offers almost no support for her contention that she made a reasonable inquiry into whether Mr. Nichols's conduct deprived her of a constitutional right. The only reference in her response to this prong is the assertion that she "reviewed case law to

ORDER - 4

1  determine . . . the elementss [sic] required for a claim based upon intimidation in order to chill
2  Plaintiff's political expression. While the court disagrees with the case law Plaintiff presented in
3  her motion for partial summary judgment as to the Defendant's liability, those cases illustrate
4  what the law is regarding the First Amendment right of political speech." Dkt. 39 at 4-5. As the
5  Order On Motions for Summary Judgment makes clear, the plaintiff failed to cite any cases to
6  support her contention that a private citizen's (Mr. Nichols) First Amendment expression may
7  constitute a deprivation of a public official's (Ms. Bullis) Freedom of Expression. Dkt. 30. All of
8  the cases the plaintiff cited were distinguishable. *Id.* A reasonable inquiry into the merits of her
9  claims would have prevented the filing of a complaint making this baseless assertion.

The plaintiff also contends that she "believed her claim had merit." Dkt. 39 at 3. As indicated above, the plaintiff's professed good faith belief is irrelevant to the analysis of whether the defendant is entitled to fees. Although the plaintiff may have made some inquiry into the legal basis of her claims, her inquiry did not provide a reasonable basis for her claims.

The court recognizes that awarding attorney's fees to defendants in civil rights actions is unusual and may have a chilling effect on civil rights claims. *See Brooks v. Cook*, 938 F.2d 1048, 1055 (9th Cir. 1991). The test for awarding attorney's fees takes this risk into account and allows for attorney's fees only when claims lack merit from the outset. In such situations, an individual such as Mr. Nichols should not have to bear the costs of defending himself. The court agrees with the reasoning announced by the Fourth Circuit in *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.1993): "When a court imposes fees on a plaintiff who has pressed a 'frivolous' claim, it chills nothing that is worth encouraging."

**B. REASONABLENESS OF ATTORNEY'S FEES**

In determining whether an attorney's fee is reasonable, the court arrives at the "lodestar amount" by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Jordan v. Multnomah County*, 799 F.2d 1262, 1265 (9th Cir. 1986) (quoting *Hensley v.*

ORDER - 5

*Eckerhart*, 461 U.S. 424, 433 (1983)). The reasonable hourly rate depends upon the experience, skill, and reputation of the attorney requesting fees.

The lodestar amount in this case is $9,200.75. Mr. Burns worked 41.45 hours on this case and charged $190.00 per hour, for a total of $7,875.50. Paralegals worked 5.45 hours on this case at a rate of $114.00 per hour, for a total of $621.30. Legal secretaries worked 12.35 hours on this case at a rate of $57.00 per hour, for a total of $703.95.

To determine whether the lodestar amount is reasonable, the court should consider the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976). These considerations are consistent with the Washington Rules of Professional Conduct 1.5.

The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *Gates v. Gomez*, 60 F.3d 525, 534-35 (9th Cir. 1995). The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits. *Id.*

**1. Time and Labor**

Mr. Nichols was represented by Martin Burns of McFerran & Burns. Paralegals, legal assistants, and legal secretaries also worked on this case. Mr. Burns spent 41.45 hours, paralegals spent 5.45 hours, and legal secretaries spent 12.35 hours working on this case.

Ms. Bullis contests the number of hours spent on this case, incredibly arguing that her claim was so baseless that Mr. Burns should have moved earlier to dismiss it. Dkt. 39. He sent

ORDER - 6

1  Ms. Bullis a letter on February 24, 2005, notifying her that he believed her complaint to be
2  without merit and intended to move to dismiss and file for Rule 11 sanctions. Dkt. 39 at 11. Ms.
3  Bullis contends that Mr. Burns should have moved to do so shortly thereafter but offers no
4  explanation for why she did not voluntarily dismiss the case herself.
5         Mr. Burns filed a motion to dismiss on August 5, 2005, roughly seven months after the
6  complaint was filed. As Mr. Burns's affidavit notes, determining when to file a motion to dismiss
7  requires that the attorney to balance the risk of filing too early, when the facts are not sufficiently
8  established to know whether such a motion is truly merited, and too late, when the client has
9  already been billed extensively. Dkt. 38-2 at 3. The fact that the defendant's motion to dismiss
10 was converted into a motion for summary judgment because the court was required to consider
11 matters outside of the pleadings supports Mr. Burns's contention that it was necessary to conduct
12 some discovery before determining how to proceed with the case. *See* Dkt. 26.
13        Ms. Bullis also contends that the number of hours Mr. Bullis spent on duplicative and
14 redundant services must be excluded. Dkt. 39 at 8. Specifically, she contends that Mr. Burns
15 represents Martha Sanderlin in a similar case and that "most, if not all, research in this matter
16 produces identical bodies of law in both [cases]." Dkt. 39. Mr. Burns was aware of the overlap
17 between the two cases and split the research and drafting costs between them. Dkt. 38-2 at 4. The
18 court should therefore find that the number of hours Mr. Burns and his staff spent on Mr.
19 Nichols's case was reasonable and was not duplicative or redundant.
20              **2. Novelty and Difficulty**
21        Mr. Burns contends that though this case was not particularly complex, it was both novel
22 and time consuming. Neither party was able to find cases where a private citizen's expression and
23 communication was the basis for a Section 1983 suit for infringing upon the freedom of
24 expression of a public official. Attempting to find such authority doubtlessly took more time than
25 if the plaintiff's claims had not been novel.
26
27
28 ORDER - 7

### 3. Requisite Skill

Mr. Burns acknowledges that this case did not require a higher level of skill than other cases on which he has worked in the past. Practically speaking, the plaintiff's numerous citations to distinguishable cases required more work from Mr. Burns because he was required to read the cases in their entirety to ensure that they were inapplicable.

### 4. Preclusion of Other Employment

This case did not preclude Mr. Burns from accepting other cases.

### 5. Customary Fee

Mr. Burns customarily charges $190.00 per hour for his work, $114.00 per hour for paralegals' work, and $57.00 per hour for legal secretaries' work. Dkt. 36-3 at 4. He has submitted an affidavit of another attorney opining that Mr. Burns's rate is reasonable given his experience and expertise. Ms. Bullis contests the reasonableness of this rate but does not offer any affidavits stating what an appropriate hourly rate would be. She contends that submitting the affidavit of only one other attorney to attest to the reasonableness of the fee charged is insufficient, citing to *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1214-15 (9th Cir.1986). In *Chalmers*, the court held that the fee charged by the plaintiff's attorney was reasonable in light of the supporting affidavits he had filed and the failure of opposing counsel to offer affidavits demonstrating that the fee was not in keeping with the average rates in the community. *Id.* The case does not require attorneys to submit multiple affidavits in support of a motion for attorney's fees. The plaintiff in this case has similarly failed to demonstrate that the rates Mr. Burns charges are unreasonable.

Ms. Bullis also contends that the reasonable rate to be awarded to the defendant should be the rate of civil rights attorneys and that Mr. Burns is not a civil rights attorney. Again, Ms. Bullis does not demonstrate that a civil rights attorney would charge a different rate.

### 6. Fixed or Contingent Fee

The fee charged was hourly.

ORDER - 8

### 7. Time Limitations Imposed by the Client or Circumstances

Mr. Burns contends that there were no extraordinary time limitations.

### 8. Amount Involved and Results Obtained

Ms. Bullis sought actual damages, punitive damages exceeding $250,000.00, and attorneys fees. Dkt. 1. The result Mr. Burns obtained was judgment for his client.

### 9. Experience, Reputation, and Ability of the Attorney

Mr. Burns was admitted to the bar almost twelve years ago, is a managing partner of McFerran & Burns, P.S., and has extensive experience arguing before the Washington State Court of Appeals and the Washington State Supreme Court. In addition, he has submitted the affidavit of an attorney testifying to his good reputation in the community.

Ms. Bullis contends that the number of hours for which Mr. Burns billed Mr. Nichols is unreasonable because Mr. Burns admitted to being unfamiliar with federal court procedures. Dkt. 39 at 7. Mr. Burns contests this characterization of his abilities. This contention is ultimately inapposite because the procedural error Ms. Bullis cites was committed in *Bullis v. Sanderlin*, C05-5080, a companion case.

### 10. Undesirability of the Case

This case is neither desirable nor undesirable.

### 11. Nature of Professional Relationship Between Attorney and Client

Mr. Burns has had a professional and business relationship with Mr. Nichols for several years.

### 12. Awards in Similar Cases

Neither party has presented the court with cases comparing the plaintiff's request to awards in similar cases. However, in *Chalmers*, a case decided almost twenty years ago and cited by the plaintiff, the Ninth Circuit approved a $175 per hour fee for work on a Section 1983 claim. *Chalmers*, 796 F.2d 1215. The list of factors the court considers in determining whether a requested attorney's fee is reasonable is not exhaustive, and there is no indication from either party that the fee requested by the plaintiff is inconsistent with fee awards in similar cases.

ORDER - 9

### C. AWARD OF COSTS

Mr. Burns requests costs of $96.94 for costs and advances. Dkt. 36-3 at 2. Mr. Burns has documented the costs, and the plaintiff has not contested the accuracy of the costs expended. The defendant should be awarded the costs as requested.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Defendant's Request for Attorney's Fees and Costs Pursuant to 42 U.S.C. § 1988 (Dkt. 36) is **GRANTED**. The plaintiff is directed to pay to defendant $9,200.75 in attorney's, paralegal's, and legal secretary's fees and $96.94 in costs, for a total of $9,297.69.[1]

The Clerk is directed to enter judgment in favor of the defendant for $9,297.69 and send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 26th day of October, 2005.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge

---

[1] These amounts were calculated by the court on the basis of the number of hours and hourly rates reported in the defendant's motion, which miscalculated the amount of fees actually owed to the defendant.

ORDER - 10